**Ex parte Lavon Pierce BONSAL.**

**No. 68274.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 23, 1981.

Rehearing Denied Nov. 18, 1981.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This applicant seeks habeas corpus relief from a conviction for sale of a narcotic drug under Article 725b, Section 2(a), of the former Penal Code (1971 Texas General Laws, Regular Session, Chapter 963, Section 1). The applicant alleges that the indictment on which he was prosecuted was fundamentally defective. It alleged that on or about October 31, 1971, he sold "a narcotic drug, to wit, demerol, to B. S. Ball . . . ."

The former statute made it an offense to sell any "narcotic drug," which 1971 Texas General Laws, Regular Session, Chapter 1023, Section 1, defined thus:

"'Narcotic drugs' means coca leaves, opium, cannabis, amidone, isonipecaine and every substance neither chemically nor physically distinguishable from them; also opiates, which shall mean any drug having an addiction-forming or addiction-sustaining liability similar to opium or cocaine; substances which are now listed in, or may be added subsequently to, Schedule II, Title II, Part B, Section 202, under the provisions of the Comprehensive Drug Abuse and [sic] Prevention and Control Act of 1970."

Neither the Texas statute nor Section 202 of the federal Comprehensive Drug Abuse

Prevention and Control Act of 1970 (84 Stat. 1236) names demerol per se.*

■■■ The Court said in *Ex parte Wilson*, 588 S.W.2d 905, 908–909 (Tex.Cr.App. 1979):

"To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group (for example, an isomer of methamphetamine), such description is an essential element of the offense which must be alleged in the indictment in order to state an offense. The same rule applies to prosecutions under the Dangerous Drugs Act involving a drug not specifically named in Sec. 2(a) but which is otherwise described therein (for example, a legend drug.)"

The same rule would apply to a prosecution under the former narcotic drug statute. See *id.* at 908 (overruling case which held that indictment under former statute for possession of "demerol" was sufficient). Because the indictment failed to allege an essential element it was fundamentally defective, and habeas corpus relief from a conviction based on such an indictment will be granted. *Id.* at 909.

The relief requested is granted and the applicant is ordered released from any restraint imposed by the indictment, judgment, or sentence in Cause C–71–9304–LH of the Criminal District Court of Dallas County.

McCORMICK, J., dissents.

---

* Exactly how the statute related to demerol remains a mystery. The judge of the convicting court has found that, "Demerol at this time was a trade name for pithidine, which was listed as a . . . drug in the Comprehensive Drug Abuse . . . Prevention and Control Act of 1970." We find no "pithidine" there (or anywhere else), but we do find "pethidine" in Schedule II(b)(14). "Pethidine hydrochloride" is a British term for meperidine hydrochloride, Stedman's Medical Dictionary 1062 (4th Unabridged Lawyer's Ed. 1976), which is also known by the trade names "Demerol" and "Isonipecaine," and which chemically is ethyl 1-methyl-4-phenylisonipecotate hydrochloride, *id.* at 850.

But can "Demerol" and "Isonipecaine," both be pethidine (or meperidine) hydrochloride? Not according to the chemical identification given above, for "Isonipecaine" was separately defined in the Texas statute as "any substance identified chemically as 1-methyl-4-phenyl-piperidine-4-carboxylic acid ethyl ester, or any salt thereof . . . ." *But see McClanahan v. State*, 394 S.W.2d 499, 503 (Tex.Cr.App.1965) (overruled on other ground by *Ex parte Wilson*, infra) (officer's testimony that demerol was isonipecaine was sufficient).

It may be that Isonipecaine, as defined in the Texas statute, is equivalent to what is listed in Schedule II(b)(17) of the federal statute as Pethidine-Intermediate-C, 1-methyl-4 phenylpiperidine-4-carboxylic acid.

We cannot say whether the allegation "demerol" referred to the Texas statute's definition of Isonipecaine or to the Texas statute's incorporation of the federal listing of pethidine or some other substance.