**Ex parte Jackie Mary CHILDRESS.**

**No. 69841.**

Court of Criminal Appeals of Texas, En Banc.

July 1, 1987.

Bob Tarrant, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Deborah S. Williams, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DUNCAN, Judge.

This is a post-conviction writ of habeas corpus proceeding brought under Article 11.07 V.A.C.C.P.

Applicant, Jackie Mary Childress, is confined in the Texas Department of Corrections because of her conviction on February 5, 1970, for burglary in Cause Number 148,853 in the 176th District Court of Harris County. She was found guilty by a jury, but her sentence was assessed by the trial court. The court having determined that the applicant had been previously convicted of the two felonies alleged for the purpose of enhancement in the indictment, set the applicant's punishment at life imprisonment. That judgment was affirmed in the published opinion of *Childress v. State,* 472 S.W.2d 133 (Tex.Cr.App.1971).

One of the prior convictions relied upon for enhancement was the applicant's con-

viction in Cause Number 103,970 in the Criminal District Court of Harris County, Texas. The indictment in that cause alleged that on or about December 12, 1962, the applicant "did then and there unlawfully possess a narcotic drug, to-wit, papaverine." The indictment was brought pursuant to the Uniform Narcotics Drug Act (formerly Article 725b V.A.P.C. 1925), the forefather of the Controlled Substances Act (Article 4476–15, V.A.C.S.). Applicant waived her right to a jury trial in that case and entered a plea of guilty before the court. The court assessed her punishment at seven years confinement in the Texas Department of Corrections.

It is the applicant's contention that the conviction in Cause Number 103,970 is void in that it was based upon an indictment which is fundamentally defective as it fails to allege each essential element of the offense attempted to be charged.[1] Therefore, since a void conviction was used to enhance her punishment in the present case this conviction is likewise void.

The applicant's rationale is that since the drug papaverine was not specifically identified as a narcotic drug under the statute then in effect it was therefore essential to the validity of the indictment that the State allege facts showing why papaverine was in fact a narcotic drug.

Section 1(14) of the Uniform Narcotic Drug Act defined narcotic drugs as follows:

'Narcotic drugs means coca leaves, opium, and cannabis, amidone, and isonipecaine, every substance neither chemically nor physically distinguishable from them, and opiates which shall mean any drug found to be an addiction-forming or addiction-sustaining liability similar to opium or cocaine, which are now or may be added subsequently, as restricted preparations under the provisions of the federal Narcotics Laws.

In *Ex Parte Wilson,* 588 S.W.2d 905, 908 (Tex.Cr.App.1979) this court held:

---

1. The applicant has raised four grounds for relief. The third ground has been withdrawn by applicant and we do not reach grounds 2 and 4 as it is unnecessary for disposition of this case.

To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group (for example, an isomer of methamphetamine), such description is an essential element of the offense which must be alleged in the indictment in order to state an offense....

This same rule is applicable to a prosecution under the former narcotic drug statutes. *Ex parte Bonsal,* 623 S.W.2d 356, 357 (Tex.Cr.App.1981).

■■■■ In the case at bar the drug papaverine was not named as a narcotic drug under the then existing statute nor did the indictment allege facts demonstrating that papaverine was indeed a narcotic drug. *Jackson v. State,* 518 S.W.2d 371 (Tex.Cr. App.1975); *Ex parte Charles,* 582 S.W.2d 836, 837 (Tex.Cr.App.1979). Consequently, the indictment in Cause Number 103,980 was void. The trial court therefore did not have jurisdiction; consequently, her conviction is subject to collateral attack. *Ex parte Howeth,* 609 S.W.2d 540 (Tex.Cr.App. 1980).

Since the applicant may challenge a fundamentally defective indictment by way of a post-conviction application for writ of habeas corpus and this rule is applicable to challenge void enhancement counts the applicant, is therefore entitled to relief. *Ex parte Howeth, Id.*

Because the trial court assessed her punishment in this case this matter must be remanded to the trial court for reassessment of punishment. *Wilson v. State,* 677 S.W.2d 518 (Tex.Cr.App.1984).

Accordingly, the writ is granted. The judgment in Cause Number 103,970 is set aside. The applicant is remanded to the custody of the Sheriff of Harris County by virtue of the conviction for the primary offense in Cause Number 143,853 and the trial court is to reassess punishment consistent with this opinion.

The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

McCormick, J., dissents.