In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00005-CR


______________________________




RHONDA KAYE WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 16,421-2000




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Rhonda Kaye Williams appeals from the final adjudication of her guilt for possession
of a controlled substance--cocaine--between four and 200 grams. The offense was
enhanced by a prior conviction, making her subject to imprisonment for five to ninety-nine
years, or for life, and a fine not to exceed $10,000.00. On November 29, 2000, the court
deferred a finding of guilt and placed Williams on ten years' community supervision. Her
community supervision was revoked, and the court proceeded to final adjudication of her
guilt October 11, 2005. The court then sentenced Williams to life imprisonment. 

 Appellate counsel filed a brief June 22, 2006, under the mandate of Anders v.
California, 386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim.
App. 1980), and has accordingly also filed a motion to withdraw. Counsel sent Williams
a copy of the brief and advised her by letter he believes there are no arguable contentions
of error. He also informed Williams of her right to review the record and to file a pro se
response. Williams has filed her pro se response.

 Appellate counsel states that he thoroughly read and reviewed the entire appellate
record and finds no error preserved for appeal that could be successfully argued. His brief
contains a professional evaluation of the record, provides a discussion of the various
aspects of the proceeding, and explains why he believes no successful argument could be
brought on each. This meets the requirements of Anders. See Anders, 386 U.S. 738;
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); see also Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 We have two appeals involving Williams before the Court at this time. (1) Her
response is referable to both appeals.

 This case involves an appeal from the trial court's adjudication of guilt. With regard
to a trial court's adjudication of guilt, Article 42.12, Section 5(b) provides: "No appeal may
be taken from this determination." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon
Supp. 2006). The Texas Court of Criminal Appeals has recently reaffirmed that this
language means "the courts of appeals do not have jurisdiction to consider claims relating
to the trial court's determination to proceed with an adjudication of guilt on the original
charge." Davis v. State, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006). Any issues,
therefore, relating to the original deferred adjudication proceeding may not now be raised
on appeal.

 It is possible, however, to pursue an appeal from the sentencing phase of the trial. 
Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). While the challenge
to the trial court's decision to adjudicate is unreviewable under the bar of Article 42.12,
Section 5(b), we may consider the challenge to the trial court's actions after a finding of
guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) ("after an adjudication of guilt, all
proceedings, including assessment of punishment, pronouncement of sentence, granting
of community supervision, and defendant's appeal continue as if the adjudication of guilt
had not been deferred"); Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (en
banc) (per curiam) (holding defendant does have limited right to challenge errors made
following determination to adjudicate). Thus, a defendant may appeal from a judgment
adjudicating guilt when the issues raised by the appeal relate, not to the adjudication
decision, but to the punishment phase. Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim.
App. 2001); Trevino v. State, 174 S.W.3d 925, 927 (Tex. App.--Corpus Christi 2005, pet.
ref'd). 

 No irregularities are apparent in the procedure at sentencing, and the punishment
assessed was within the range available. Williams suggests that her counsel was
constitutionally ineffective at punishment because he did not seek to call specific witnesses
to testify on her behalf. See Strickland v. Washington, 466 U.S. 668 (1984) (holding 
appellant  could  show  counsel  ineffective  only  by  proving  by  preponderance  of
evidence (1) counsel's representation fell below an objective standard of reasonableness
and (2) deficient performance prejudiced appellant's defense.). Further, any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

 In this case, the record shows only that witnesses were not called. It does not
reveal why, and we cannot presume harm--as noted above, the record must affirmatively
demonstrate ineffectiveness. It does not.

 Williams also contends it was not appropriate for the trial judge, Honorable Tim
Boswell, to preside over her conviction because he had, before taking the bench,
represented her. That was addressed at the revocation hearing; Williams expressly stated
on the record that she had no problems with Judge Boswell sitting on the case and that she
was willing to proceed. It is not clear that the trial judge was subject to disqualification in
this case, but even if he were, the issue must have been raised at trial by objection or
motion to recuse. If rejected there, it could have been raised on direct appeal. The
argument now raised was not preserved for appellate review. Ex parte Richardson, 201
S.W.3d 712 (Tex. Crim. App. 2006). 

 We have reviewed the possible issues raised by counsel in his appellate brief, and
we agree with his assessment that no reversible error exists. We have, likewise, reviewed
Williams' response--and the record--and we agree with counsel that there are no
arguable points of error in this case.





 We affirm the judgment of the trial court.




 Donald R. Ross

 Justice


Date Submitted: November 16, 2006

Date Decided: November 21, 2006


Do Not Publish



1. Williams' other appeal in this Court is filed under cause number 06-06-00006-CR.