**Ex parte James Phillips SAWYER.**

**No. 53114.**

Court of Criminal Appeals of Texas.

Nov. 17, 1976.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a habeas corpus action instituted by petitioner in the 208th District Court of Harris County for the

purpose of obtaining a bail reduction. The record reflects that petitioner was charged with attempted burglary of a habitation and his bail was set in Justice Court at $20,000.

Appellant is represented by court-appointed counsel. Because counsel has not filed a brief in this case, we must abate this appeal.

In *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Supreme Court held that court-appointed counsel on appeal must act as an active advocate on behalf of his indigent client even where he finds the appeal to be frivolous and without merit. In *Gainous v. State,* 436 S.W.2d 137 (Tex.Cr.App.1969), this Court adopted the rule and standards set out in *Anders.* And see *Currie v. State,* 516 S.W.2d 684 (Tex.Cr.App.1974).

In *Ex Parte Grant,* 476 S.W.2d 702 (Tex.Cr.App.1972), we held that the standards required of counsel by *Anders* and *Gainous* applied as well as to habeas corpus cases challenging extradition. We conclude that these standards must also apply in a case such as the one before us, where appellant seeks to challenge an allegedly high bail by means of habeas corpus.

The Supreme Court's concern in *Anders* was to assure that "penniless defendants [have] the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel." *Anders,* supra, 386 U.S. at 745, 87 S.Ct. at 1400.

There can be no question but that appellate counsel perform a valuable service in appeals of bail cases. Under Art. 17.15, V.A.C.C.P., several standards are used to guide the trial judge and this Court in determining the proper amount of bail; therefore, counsel on appeal can greatly aid his client's cause by directing this Court's attention to evidence in the record which does or does not support the contention that bail is excessive. Certainly it can not be denied that those defendants who can af-

ford counsel see the advantage of using them in appeals of this sort. See, e. g., *Ex Parte Davis,* 542 S.W.2d 192 (Tex.Cr.App. 1976); 1 TCR 970.

It follows that this appeal must be abated so that counsel may file a brief on appellant's behalf. This brief must, *at the very least,* comply with the requirements of *Anders, Gainous,* and *Currie.*

Since the record in this case is relatively short, counsel will be allowed fifteen days from the date of this opinion to file his brief in this Court.[1] Thereafter, the State will be allowed fifteen days to file its brief.

The appeal is abated.