Ex parte H. Michael SENNA.

No. 64910.

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1980.

**330**

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ROBERTS, Judge.

Our prior opinion of July 16, 1980 is withdrawn and the following is substituted.

This is an appeal from an order denying bail pending appeal from a conviction for the offense of felony theft. See Article 44.04(c) and (g), V.A.C.C.P.

The appellant's conviction for the offense of felony theft was abated in our Cause No. 58051 on July 5, 1978 in order that the trial court might conduct a hearing to determine if the appellant had been deprived of the effective assistance of counsel since his retained counsel had failed to file a brief on his behalf. See *Steel v. State*, 453 S.W.2d 486 (Tex.Cr.App.1970). That appeal has not yet reached this Court after a period of over two years.

Upon motion of the State and after a hearing, the appellant was denied bail pending the appeal of the felony theft conviction. No briefs were field by either the appellant or the State. In our opinion of July 16, 1980, the order holding the appellant without bond was affirmed.

It has now been made to appear that the appellant is in fact indigent and is represented on this appeal by court–appointed counsel.

In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 81 L.Ed.2d 493 (1967) the Supreme Court held that court–appointed appellate counsel must act as an advocate for his indigent client even though the appeal be frivolous. This requires that counsel file a brief in appellant's behalf. See *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969); *Currie v. State*, 516 S.W.2d 684 (Tex.Cr. App.1974); and *High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978). See also *Talley v. State*, 593 S.W.2d 702 (Tex.Cr.App.1980).

In *Ex parte Grant*, 476 S.W.2d 702 (Tex. Cr.App.1972), we extended this rule to habeas corpus cases challenging extradition. In *Ex parte Sawyer*, 543 S.W.2d 143 (Tex. Cr.App.1976), we extended the rule to cases challenging excessive bail. Each of these cases require that a brief be filed by appointed counsel representing an indigent appellant on appeal, whether the appeal be from the conviction itself or from an appealable collateral order.

We now hold that the same rule is applicable to appeals taken under the authority of Article 44.04(g).

It is therefore ordered that appellant's counsel shall file a brief in this Court on or before October 31, 1980. The State may file a brief on or before November 20, 1980.

IT IS SO ORDERED.