In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00195-CR


______________________________




PAUL ALLEN SCHUMACHER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 19672




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Paul Allen Schumacher appeals from his conviction on his guilty plea for the offense of
burglary of a habitation. No plea bargaining agreement was in place. In the same proceeding, he
also pleaded guilty to three other charges of burglary of a habitation and to one charge of escape. 
The jury assessed punishment at fifty years' imprisonment.

 Michael Skotnik was appointed as counsel on appeal and filed a brief on April 5, 2001, under
the mandate of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Ex parte
Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly also filed a motion to
withdraw. Counsel sent the appellant a copy of his brief and advised him by letter that he believes
that there are no arguable contentions of error and informed Schumacher of his right to review the
record and file a pro se brief. 

 Schumacher filed a pro se brief on July 16, 2001, and then filed a supplement to that brief
on August 15, 2001. His briefs raise the same issues in each appeal.

 We have reviewed both briefs and all of the arguments raised therein in our opinion issued
this date in Paul Allen Schumacher v. State, cause number 06-00-00192-CR. 


 For the reasons stated in that opinion, we affirm the judgment.




 Ben Z. Grant

 Justice


Date Submitted: December 7, 2001

Date Decided: December 10, 2001


Do Not Publish



iss, III

 Chief Justice


Date Submitted: September 9, 2008

Date Decided: September 10, 2008
1. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2008).
2. To the extent Harrison's petition could be interpreted as requesting a writ of mandamus be
issued against the parole board, we lack jurisdiction to issue such relief. This Court has no
mandamus jurisdiction over the Texas Board of Pardons and Paroles. See Tex. Gov't Code Ann.
§ 22.221 (Vernon 2004).