In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-00-00196-CR


______________________________




PAUL ALLEN SCHUMACHER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 19673




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Paul Allen Schumacher appeals from his conviction on his guilty plea for the offense
of burglary of a habitation. No plea agreement was in place. In the same proceeding, he
also pled guilty to three other charges of burglary of a habitation and to one charge of
escape. The jury assessed punishment at fifty years' imprisonment.

 Michael Skotnik was appointed as counsel on appeal and filed a brief on April 5,
2001, under the mandates of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Schumacher a copy of the brief
and advised Schumacher by letter he believes there are no arguable contentions of error. 
He also informed Schumacher of his right to review the record and to file a brief pro se. 

 Schumacher filed a brief pro se on July 16, 2001, and then filed a supplement to
that brief on August 15, 2001. His briefs raise the same issues in each appeal.

 We have reviewed both briefs and all the arguments raised therein in our opinion
issued this date in Paul Allen Schumacher v. State, cause number 06-00-00192-CR. 


 For the reasons stated in that opinion, we affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: December 7, 2001

Date Decided: December 10, 2001


Do Not Publish



 to provide some supervision by
district courts in the form of veto power over local district attorneys. Smith v. State, 70 S.W.3d 848,
854-55 (Tex. Crim. App. 2002); see In re State ex rel. Valdez, 294 S.W.3d 337 (Tex. App.--Corpus
Christi 2009, orig. proceeding).

 The statute states that a criminal prosecution may be dismissed only with the trial court's
consent. This language, and the cited cases, demonstrate that a trial court's decision to give or
withhold consent to a dismissal is not a ministerial act. Further, the reason for providing "veto
power" to a trial court, as articulated by the Smith opinion, indicates that the exercise of such power
is discretionary, and therefore, outside the bounds of mandamus relief. 

 We deny the petition for writ of mandamus.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 6, 2009

Date Decided: January 7, 2009


Do Not Publish