In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-05-00234-CR


______________________________




JOHN GRAY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 03F0392-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 John Gray was charged with, and convicted of, indecency with a child by contact, for causing
a seven-year-old girl to touch his penis. See Tex. Penal Code Ann. § 21.11 (Vernon 2003). The
jury that found him guilty also assessed his punishment at twenty years' confinement.

 Appellate counsel filed a brief June 12, 2006, under the mandate of Anders v. California, 386
U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), asserting that
there is no arguable issue for appeal, but setting out one possible point of error, that is, that admitting
the testimony of the outcry witness was error. Counsel sent Gray a copy of the brief and advised
Gray by letter she believes there are no arguable contentions of error. She also informed Gray of his
right to review the record and file a brief pro se. On June 12, 2006, this Court mailed a letter to Gray
informing him that a pro se brief, should he wish to file one, was due on or before July 13, 2006. 
No brief has been filed, and Gray has not sought additional time in which to prepare a brief.

 Appellate counsel states that she has thoroughly read and reviewed the entire appellate record
and finds no error preserved for appeal that could be successfully argued. Her brief contains a
professional evaluation of the record and advances one possible ground for review. This meets the
requirements of Anders. See Anders, 386 U.S. 738; High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978); see also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In her possible ground, counsel suggests that the court erred by admitting hearsay testimony
from Jeanette Enloe as the outcry witness. The State had initially identified both Enloe and Francis
Gray as outcry witnesses. Counsel suggests that the evidence at trial possibly showed that the proper
outcry witness was neither Enloe nor Francis Gray, but instead was the child's mother, and that the
trial court thus possibly erred by admitting into evidence, under the outcry statute and over counsel's
objection, Enloe's testimony of what the victim told her about the details of the offense.

 We review the trial court's decision to admit or exclude evidence under an abuse of discretion
standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Montgomery v. State,
810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). We will not reverse a trial court whose ruling was
within the "zone of reasonable disagreement." Green, 934 S.W.2d at 102; Montgomery, 810 S.W.2d
at 391 (op. on reh'g).

 In cases involving certain sex crimes against children, Article 38.072 provides an exception
to the hearsay rule for testimony by "outcry witnesses" when specific requirements are met. See Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2005). An outcry witness is the first person, eighteen
years of age or older, other than the defendant, to whom the child victim made a statement about the
details of the offense. Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2); Brown v. State, 189
S.W.3d 382, 385 (Tex. App.--Texarkana 2006, pet. ref'd).

 In this case, there was evidence the victim told her mother and grandmother that the abuse
happened, but had not told them the details she told Enloe. The victim testified she had drawn a
picture on the back of an envelope, which arguably had some sexual content once explained or put
into the context of a report about sexual contact, and had given it to her mother about two days after
she returned to Missouri from her visit with Gray. The victim later testified that she had already
provided to Enloe the details of Gray's sexual contact before the victim drew the picture for her
mother. Further, the victim's mother testified that the victim had given her no details of the abuse
and that the mother had contacted police to report generally that her daughter had "a problem." 
Other evidence suggests that the victim had told her mother that Gray had caused her to touch his
penis and then later told Enloe the added detail that he had caused her to masturbate him to climax. (1)

 The evidence was conflicting. Therefore, the trial court had the responsibility to resolve the
conflicting testimony to identify the proper outcry witness, that is, the first adult to whom the offense
was discernibly described. Under the requisite abuse of discretion standard, we must agree with
counsel that the contention of error, although possible, is without merit.

 We have reviewed the possible issue raised by counsel in her appellate brief, and we agree
with her assessment that no reversible error exists. We have, likewise, reviewed the record and agree
with counsel there are no arguable points of error in this case.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 5, 2006

Date Decided: November 3, 2006


Do Not Publish
1. One concern relative to that evidence is that Gray was charged with indecency with a child
by contact, in that he caused the victim to touch his penis, the act allegedly told to her mother. But
because there is conflicting evidence on what was told, to whom it was told, and when it was told,
we need not address that concern.



edure is necessary to protect the welfare of the particular child witness who seeks to
testify; (2) the child witness would be traumatized by the presence of the defendant; and (3) the
trauma would be more than de minimis, i.e., more than mere nervousness or excitement or some
reluctance to testify. Id. at 856; Lively, 968 S.W.2d at 366-67; see Hightower v. State, 822 S.W.2d
48, 51 (Tex. Crim. App. 1991); Gonzales v. State, 818 S.W.2d 756, 760-62 (Tex. Crim. App. 1991). 

 In reviewing the trial court's implied finding of unavailability, we look to see whether the trial
court abused its discretion in making that determination. See Marx, 987 S.W.2d at 580-81. We will
not reverse a trial court ruling within the zone of reasonable disagreement. Green v. State, 934
S.W.2d 92, 102 (Tex. Crim. App. 1996); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990) (op. on reh'g).

 In this case, the State presented no evidence of the necessity for the child to testify by
videotape and the court permitted videotaped testimony from the child. In so doing, it allowed
evidence into the record in violation of both the Texas statute and the United States Constitution.
The ruling of the trial court is therefore outside the zone of reasonable disagreement. The State has
not made the required adequate showing of necessity. See Craig, 497 U.S. at 855. In the absence
of the constitutionally required showing that the child was unavailable and that special procedures
were therefore authorized, we conclude the trial court abused its discretion by admitting the
evidence.

Harm Analysis

 This is not merely an error in the admission of evidence based solely on the misapplication
of a rule or statute. It is a constitutional error violating the Confrontation Clause. Accordingly, our
analysis is a harmless error review pursuant to Tex. R. App. P. 44.2(a), and we must reverse unless
we determine beyond a reasonable doubt the error did not contribute to the conviction or punishment.

 The evidence that Edwards committed the offense consists of the videotaped interview with
the child, a discussion by an expert explaining the child's statements and actions on the videotape,
opinions about the type of sex offender shown by the facts revealed by the interview, explanations
about the types of questions asked in the videotape, and ways of determining the child's ability to
distinguish fact from fiction. A school counselor also testified as the outcry witness that the child
had told her she had sex with the defendant. A teacher's aide testified that the child "acted out" in
a sexual manner in class and that she attempted to touch other children in what was described as an
inappropriate manner.

 The videotape sets out the actions of Edwards in a manner that does not appear elsewhere
in the evidence. The only evidence unrelated to the interview is that of the school counselor and
teacher's aide, and only the counselor, as the outcry witness, could testify regarding the child's
statements. In light of the state of the evidence, we cannot conclude beyond a reasonable doubt the
improperly admitted videotape did not contribute to the conviction or punishment in this case.

 The judgment is reversed, and the cause is remanded to the trial court for further proceedings.




 Jack Carter

 Justice


Date Submitted: March 17, 2003

Date Decided: March 18, 2003


Publish


1. Tex. Code Crim. Proc. Ann. art. 38.071 (Vernon Supp. 2003).