In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00006-CR


______________________________




RHONDA KAY WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 18,938-2005




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Rhonda Kay Williams appeals from her conviction on an open plea of guilty to the offense
of possession of a controlled substance--cocaine--between four and 200 grams, with intent to
deliver. The offense was enhanced by a prior conviction, and she was thus subject to a penalty range
from five to ninety-nine years or life, and a fine not to exceed $10,000.00. On October 11, 2005, she
was sentenced to life imprisonment. 

 On that same date, the trial court also revoked her community supervision and adjudicated
her guilt on a separate, prior prosecution (Williams v. State, No. 06-06-00005-CR).

 Appellate counsel filed a brief under the mandate of Anders v. California, 386 U.S. 738
(1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly also
filed a motion to withdraw. Counsel sent Williams a copy of the brief and advised her by letter he
believes there are no arguable contentions of error. He also informed Williams of her right to review
the record and file a pro se response. Williams has filed her pro se response.

 Appellate counsel states that he has thoroughly read and reviewed the entire appellate record
and finds no error preserved for appeal that could be successfully argued. His brief contains a
professional evaluation of the record and provides a discussion of the various aspects of the
proceeding, and explains why he believes that no successful argument could be brought on each. 
This meets the requirements of Anders. See Anders, 386 U.S. 738; High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978); see also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex.
Crim. App. 1991). 

 No irregularities are apparent in the procedure followed throughout the proceeding, and the
punishment assessed on Williams' open plea was within the range available. 

 In her pro se brief, Williams alleges her guilty plea was involuntary because the punishment
exceeded that which was expected, and states there was a negotiated plea agreement that she was to
be assessed a ten-year sentence. However, the record clearly shows that the trial court carefully
informed Williams of the possible range of punishment and informed Williams that she could be
sentenced to anything within that range. The record shows her plea was without an agreement in
place, and there is nothing showing the contrary. 

 Williams argues her counsel was constitutionally ineffective at the punishment phase of the
trial because he did not seek to call specific witnesses to testify on her behalf. See Strickland v.
Washington, 466 U.S. 668 (1984) (holding appellant could show counsel ineffective only by proving
by preponderance of evidence (1) counsel's representation fell below objective standard of
reasonableness, and (2) deficient performance prejudiced defense). Further, any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 Attached to the motion for new trial--which raised the issue of ineffective assistance of
counsel--is the affidavit of trial counsel and his legal assistant stating that the potential witnesses
listed by Williams either could not be located, or would not agree to testify favorably. The legal
assistant stated that only one person agreed to testify favorably, but only to the extent that she could
comment that Williams did a good job of detailing and cleaning her car. On this record, we cannot
conclude counsel was ineffective for failing to force individuals to testify when they had not agreed
to testify favorably for the defendant. The record must affirmatively demonstrate ineffectiveness. 
It does not. 

 We have reviewed the possible issues raised by counsel in his appellate brief, and we agree
with his assessment that no reversible error exists. We have, likewise, reviewed Williams' response
and the record, and we agree with counsel there are no arguable points of error in this case.

 We affirm the judgment of the trial court.


 Jack Carter

 Justice


Date Submitted: November 16, 2006

Date Decided: November 30, 2006


Do Not Publish