In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00115-CR


______________________________




TERESA RAGLAND BARTTS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 15,871-99




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Teresa Ragland Bartts has appealed from the revocation of her deferred adjudication
community supervision and adjudication of guilt. On or about June 18, 1999, Bartts entered a plea
of guilty and signed a written stipulation of evidence to a count of possession of a controlled
substance, to-wit: methamphetamine, in an amount of 400 grams or more with intent to deliver, as
well as a count of possession of a controlled substance, to-wit: methamphetamine, in an amount of
400 grams or more with intent to manufacture. The trial court accepted Bartts' pleas and, in
accordance with the plea agreements, deferred the adjudication of guilt, placing Bartts on ten years'
deferred adjudication community supervision for each count. On March 13, 2006, and May 8, 2006,
the trial court granted the State's motion to proceed to final adjudication and found that Bartts
violated the terms of her community supervision. The trial court adjudicated Bartts guilty in each
cause and assessed Bartts' punishment in each cause at fifteen years' imprisonment, to run
concurrently. Two appeals are presently pending before this Court. (1) 

 Appellate counsel filed a brief in both appeals October 18, 2006, under the mandate of
Anders v. California, 386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim.
App. 1980), and has accordingly also filed a motion to withdraw. (2)
 Counsel sent Bartts a copy of the
brief, as well as copies of the clerk's and reporter's records, and advised Bartts by letter he believes
there are no arguable contentions of error. He also informed Bartts of her right to review the record
and file a pro se brief. Bartts was advised by letter from this Court dated October 24, 2006, that her
pro se brief was due on or before November 27, 2006. No brief has been filed, and Bartts has not
sought additional time in which to prepare a brief.

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991).

 Counsel states in the brief that there is no evidence Bartts' plea was not voluntary, that all
admonitions were properly given, and that there is no evidence Bartts did not knowingly,
intentionally, and voluntarily enter her plea of guilty. Counsel discusses the effect of Bartts signing
the written stipulations and waivers contained in the record, the effect of Bartts' guilty plea, and the
effect of revocation of deferred adjudication. Counsel also examines the sufficiency of the evidence,
the punishment assessed on Bartts' original plea, the punishment assessed on adjudication of guilt,
and Bartts' right to appeal. Counsel concluded from his review of the record there is no arguable
point of error to support the appeal. 

 We have, likewise, reviewed the record and agree with counsel that there are no arguable
points of error in this case. 

 We affirm the judgment of the trial court.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 24, 2007

Date Decided: January 26, 2007


Do Not Publish
1. This appeal concerns the conviction for possession of a controlled substance, to-wit:
methamphetamine, in an amount of 400 grams or more with intent to deliver. In Bartts v. State,
cause number 06-06-00116-CR, also decided this day, we likewise affirm Bartts' conviction for
possession of a controlled substance, to-wit: methamphetamine, in an amount of 400 grams or more
with intent to manufacture. In that case, however, we modify Bartts' sentence to give credit for time
served before trial.
2. Given that we agree this case presents no reversible error, we also, in accordance with
Anders, grant counsel's request to withdraw from further representing the defendant in this case. No
substitute counsel will be appointed. If the defendant wishes to seek further review of this case by
the Texas Court of Criminal Appeals, she must either hire an attorney to file a petition for
discretionary review or file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure.



 Although there is neither a written order excluding this summary judgment evidence nor a
statement by the trial court at the hearing that this was the basis for the grant of Texoma's summary
judgments, RK appeals on the sole ground that the trial court should not have "excluded evidence
regarding the agreement of the parties under the parol evidence rule" or "applied the parol evidence
rule to exclude [RK's] evidence to DTPA violations." (2)

II. The Trial Court Did Not Rule On Texoma's Parol Evidence Objection 

 The granting of a summary judgment motion "does not necessarily provide an implicit ruling
that either sustains or overrules objections to the summary-judgment evidence." Choctaw Props.,
L.L.C. v. Aledo I.S.D., 127 S.W.3d 235, 240-41 (Tex. App.--Waco 2003, no pet.) (citing Allen
ex rel. B.A. v. Albin, 97 S.W.3d 655, 663 (Tex. App.--Waco 2002, no pet.). For this reason, we
cannot say the trial court implicitly sustained Texoma's parol evidence objection to Hughes's
affidavit. See Nevins v. Whitley, No. 13-04-486-CV, 2005 WL 2036213 at *6-7 (Tex.
App.--Corpus Christi Aug. 25, 2005, no pet.) (mem. op.) (rejecting argument court ruled on parol
evidence objection to affidavit when granting summary judgment motion). 

 "As a prerequisite to presenting a complaint for appellate review, the record must show that
. . . the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or
(B) refused to rule . . . and the complaining party objected to the refusal." Tex. R. App. P.
33.1(a)(2)(B). In this case, the record does not demonstrate that the trial court ruled on the parol
evidence issue expressly or impliedly, or that it refused to rule. (3) Thus, RK has failed to preserve this
issue for appellate review, and its points of error are overruled. 

 Moreover, when a trial court's order granting summary judgment does not specify the ground
or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the
theories advanced are meritorious. Hill v. Bartlette, 181 S.W.3d 541, 544 (Tex. App.--Texarkana
2005, no pet.) (citing Star- Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995)). 

 Here, the trial court could have decided summary judgment was proper on Texoma's claims
under the Texas Business and Commerce Code. The statute of frauds requires a contract for the sale
of goods for the price of $500.00 or more to be memorialized by a writing sufficient to indicate that
a contract was made. Tex. Bus. & Com. Code Ann. § 2.201 (Vernon 2009). Since both Texoma
and RK were merchants, a writing confirming a contract sent within a reasonable time was sufficient
if Texoma had reason to know of its contents and failed to give written notice of objection within
ten days of receipt. Tex. Bus. & Com. Code Ann. §§ 2.201(b), 2.104 (Vernon 2009). The timely-sent invoices were sufficient to fulfill this requirement because RK failed to object to them in
writing. (4) As such, parol evidence could not be used to contradict the terms of these invoices. Tex.
Bus. & Com. Code Ann. § 2.202 (Vernon 2009). 

 Even had the court disregarded the "Net 30" and "Net 45" language in the invoices and
decided that time of payment had not been specified, the Code provides that in the absence of such
a specified time for payment, payment must be made at a reasonable time. Tex. Bus. & Com. Code
Ann. § 2.309 (Vernon 2009). Based on RK's admissions that it had received the trees, the check
showing payment of one invoice, and the admission that RK had not paid the remainder
approximately one year after acceptance of the trees, the trial court was authorized to grant summary
judgment on Texoma's claim. 

 As to the no-evidence motion for summary judgment, RK was required to bring forth
evidence demonstrating that: 1) it was a consumer; 2) Texoma engaged in false, misleading, or
deceptive acts; and 3) the acts were a producing cause of RK's injuries. Tex. Bus. & Com. Code
Ann. § 17.46 (Vernon Supp. 2008). Here, the petition refers to the alleged agreement made by the
officer of Texoma for lax payment schedules and recites four of the DTPA's laundry list violations
without analysis or application to the facts at hand. Although Hughes's affidavit mentioned that trees
the subject of the sale had died, it does not allege that they died through any fault of Texoma or that
the trees were defective in any way. Most compellingly, no evidence of any damage caused to RK
was presented to the trial court. Thus, summary judgment on the no-evidence motion was properly
granted. 

III. Conclusion 

 We affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: June 1, 2009

Date Decided: June 2, 2009

 
1. Although Texoma contends this was a suit on sworn account, its petition was unverified. 
2. Although the prayer seeks reversal of the trial court's judgment, RK never alleged the trial
court erred in granting summary judgment in its brief. All claimed error was framed in terms of the
trial court's "ruling" on the parol evidence issue. 
3. In fact, the order on both motions for summary judgment denies all other relief requested.
4. There was also no genuine issue of fact regarding whether the money was owed. Rather,
the affidavit merely claimed that under its agreement with Texoma, RK did not have to pay until it
was financially able to do so and that it did not have the fiscal strength to make payment; there was
no contest of the amount which was owed.