In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00121-CR


______________________________




NATASHA KAY HOLLIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,169-2002




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Natasha Kay Hollis has appealed from the revocation of her community supervision for the
underlying offense of intoxication manslaughter. See Tex. Penal Code Ann. § 49.08 (Vernon
2003). The trial court sentenced Hollis to two years' confinement and a $1,000.00 fine. She was also
to pay $4,231.98 in restitution. Hollis was represented by retained counsel at trial and by different,
appointed, counsel on appeal. 

 Appellate counsel filed a brief January 2, 2007, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Hollis a copy of the brief and advised her
by letter that he believes there are no arguable contentions of error. He also informed Hollis of her
right to review the record and file a pro se response. No response has been filed, and Hollis has not
sought additional time in which to prepare a response. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record that there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that the "plea, conviction and sentencing were done
according to statutory and case law" and that a plea of "true" was entered to the allegations of Hollis'
violation of the terms and conditions of her community supervision.

 In his review of the record, counsel did find and had corrected an error in the trial court's
judgment that included a finding of "Yes-deadly weapon used or exhibited." A judgment nunc pro
tunc was entered December 8, 2006, changing this wording to "Not Applicable." Thus, this error
has been corrected. 

 However, in our review of the record, we note that the judgment nunc pro tunc incorrectly
reflects that this is an adjudication of guilt. In correcting the error referenced in the previous
paragraph, another error was made in the trial court's judgment. 

 This Court has the authority to reform the judgment to make the record speak the truth when
the matter has been called to our attention by any source. French v. State, 830 S.W.2d 607 (Tex.
Crim. App. 1992). In Asberry v. State, 813 S.W.2d 526 (Tex. App.--Dallas 1991, pet. ref'd), the
court noted that the authority of the appellate court to reform incorrect judgments is not dependent
on the request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate
Procedure provide direct authority for this Court to modify the judgment of the trial court. Tex. R.
App. P. 43.2.

 Therefore, we reform the trial court's judgment to reflect a judgment of revocation of
community supervision, rather than an adjudication of guilt.

 We have reviewed the record and agree with counsel that there are no arguable points of error
in this case. (1)

 As reformed, we affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 6, 2007

Date Decided: March 7, 2007


Do Not Publish

 
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Hollis in this case. No substitute
counsel will be appointed. Should Hollis wish to seek further review of this case by the Texas Court
of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or
she must file a pro se petition for discretionary review. Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.