In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00122-CR


______________________________




NATASHA KAY HOLLIS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,170-2002




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Natasha Kay Hollis has appealed from the adjudication of her guilt for the offense of injury
to a child. See Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2006). The trial court sentenced
Hollis to fifteen years' imprisonment. She was also to pay $2,260.50 in restitution. Hollis was
represented by retained counsel at trial and by different, appointed, counsel on appeal. 

 Appellate counsel filed a brief January 2, 2007, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Hollis a copy of the brief and advised her
by letter that he believes there are no arguable contentions of error. He also informed Hollis of her
right to review the record and file a pro se response. No response has been filed, and Hollis has not
sought additional time in which to prepare a response. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record that there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that the "plea and subsequent adjudication and sentencing
were done according to statutory and case law" and that the sentence falls within the parameters of
the original plea agreement. 

 In his review of the record, counsel did find and had corrected an error in the judgment that
included a finding of "Yes-deadly weapon used or exhibited." A judgment nunc pro tunc was
entered December 8, 2006, changing this wording to "Not Applicable." Thus, this error has been
corrected. 

 We have, likewise, reviewed the record and agree with counsel that there are no arguable
points of error in this case. (1)


 We affirm the judgment of the trial court.


 Bailey C. Moseley

 Justice


Date Submitted: March 6, 2007

Date Decided: March 7, 2007


Do Not Publish

 
1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Hollis in this case. No substitute
counsel will be appointed. Should Hollis wish to seek further review of this case by the Texas Court
of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or
she must file a pro se petition for discretionary review. Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 68.4.