In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00137-CR


______________________________




KARLA LOUISE WEATHERS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 17,712-2003




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 In this case, Karla Louise Weathers (1) has appealed from the revocation of her community
supervision for the underlying offense of endangering a child. See Tex. Penal Code Ann. § 22.041
(Vernon Supp. 2006). Pursuant to an agreement (2) involving the punishments for this and three other
cases, the trial court revoked Weathers' supervision and sentenced her to two years' confinement in
a state-jail facility. Weathers was represented by appointed counsel at trial and by different
appointed counsel on appeal. 

 Appellate counsel filed a brief February 26, 2007, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concludes from his review of the record that there are no arguable points of error
to support the appeal. 

 Counsel sent Weathers a copy of the brief and advised Weathers by letter that he believes
there are no arguable contentions of error. He also informed Weathers of her right to review the
record and file a pro se response. 

 Weathers has now filed a pro se response in which she raises issues of ineffective assistance
of counsel at trial and on appeal, as well as the trial court's failure to have her "Examined For
Competence." All of the issues which Weathers presents in her pro se response relate to the issue
of her competence.

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that counsel's representation fell below an objective standard of
reasonableness and (2) that the deficient performance prejudiced the defense. Id. at 689; Rosales v.
State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant must prove
that his attorney's representation fell below the standard of prevailing professional norms and that
there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would
have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 The record contains the following questions by the trial court and Weathers's answers:

 THE COURT: Well, in terms of [defense counsel's] representation, let me
ask it this way, is there, in terms of these allegations, specific allegations that have
been raised against you in these motions, is there anybody [defense counsel] needed
to talk to in order to understand any defenses you might have to these allegations that
he has not talked to?


 [WEATHERS]: No.


 . . . .


 THE COURT: But concerning the allegations that are made by the State that
you violated the terms and conditions of probation that you're on in the manner that
they are saying that you did, in these four motions, concerning those allegations, are
there any facts that [defense counsel] needed to investigate to understand defenses
that you would have to those allegations that he hasn't investigated?


 [WEATHERS]: No, sir.


 After having read the entire record of the sentencing hearing in this case, we find no
affirmative demonstration of ineffective assistance of counsel. (3) We find no error regarding
Weathers's issue on ineffective assistance of counsel at trial. 

 Weathers's second complaint on appeal is that the trial court erred in failing to have her
examined for competence regarding the voluntariness of the pleas she entered in these cases. In our
review of the record, we find that Weathers answered the questions asked of her by the trial court
in a reasonable and knowledgeable manner. There is no indication in the record that Weathers was
incompetent to enter her pleas. Defense counsel stated that he had known Weathers for "a long time"
(Weathers stated in her response that he had represented her since 1999) and that it was counsel's
opinion she was competent to stand trial. We find no indication of incompetence on the part of
Weathers. A person is presumed to be competent to stand trial unless proven incompetent. Tex.
Code Crim. Proc. Ann. art. 46B.003(b) (Vernon 2006). We find no error regarding this complaint. 

 Weathers further contends on appeal that she received ineffective assistance of counsel on
appeal. In this case, Weathers's counsel filed an Anders (4) brief in which he discusses the record and
reviews the proceedings and in which he states he concludes that there are no arguable points of error
to support the appeal. After our independent review of the record, we agree with appellate counsel
that there are no arguable points of error in this case. (5) Ineffective assistance of counsel on appeal
has not been shown.

 We affirm the judgment of the trial court.


 Bailey C. Moseley

 Justice

 

 


Date Submitted: August 2, 2007

Date Decided: August 16, 2007


Do Not Publish

 
1. Weathers has three appeals still pending in this Court under cause numbers 06-06-00136-CR, 06-06-00137-CR, and 06-06-00138-CR. In some documents filed in these cases, Weathers is
referred to as "Karla Louise Vasquez," "Karla Vasquez," or "Vasquez Weathers."
2. This is an appeal from a revocation of community supervision; thus, the agreement reached
in this case does not fall under the plea bargain agreement contemplated by Rule 25.2(a)(2) of the
Texas Rules of Appellate Procedure. Tex. R. App. P. 25.2(a)(2).
3. Appellate courts can rarely decide the issue of ineffective assistance of counsel because the
record almost never speaks to the strategic reasons that trial counsel may have considered. The
proper procedure for raising this claim is therefore almost always habeas corpus. Aldrich v. State,
104 S.W.3d 890, 896 (Tex. Crim. App. 2003).
4. See Anders, 386 U.S. 738.
5. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Weathers in this case. No
substitute counsel will be appointed. Should Weathers wish to seek further review of this case by
the Texas Court of Criminal Appeals, Weathers must either retain an attorney to file a petition for
discretionary review or Weathers must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.