In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00058-CR


______________________________




JEFFERY KEITH MCMULLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 217th Judicial District Court


Angelina County, Texas


Trial Court No. 26,242




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Jeffery Keith McMullen appeals from his conviction by a jury of the offense of evading
detention in a vehicle. See Tex. Penal Code Ann. § 38.04 (Vernon 2003). The jury assessed
McMullen's punishment at fifteen months in a state-jail facility. See Tex. Penal Code Ann. § 12.35
(Vernon 2003). McMullen was represented by appointed counsel at trial and by different appointed
counsel on appeal.

 Appellate counsel filed a brief July 25, 2007, under the mandate of Anders v. California, 386
U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent McMullen a copy of the brief and advised
McMullen by letter he believes there are no arguable contentions of error. He also informed
McMullen of his right to review the record and file a pro se response. McMullen has not filed a
response, nor has he requested an extension of time in which to file such a response. (1)

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record that there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that he believes trial counsel rendered effective assistance
pursuant to Strickland v. Washington, 466 U.S. 668 (1984). Appellate counsel states that trial
counsel objected to the introduction of evidence, all of which objections were sustained or caused
the questions to be rephrased. Counsel further states in the appellate brief that McMullen was
originally indicted on the charge for which he was ultimately convicted, as well as two counts of
burglary of a habitation (one of those burglary charges being reduced at trial to the lesser-included
offense of theft of a firearm). McMullen was found not guilty of the charged burglary of a
habitation, and of the theft of a firearm. He was convicted only of evading arrest in a vehicle. 
Counsel did introduce into evidence the fact that McMullen was a registered sex offender. This
evidence was introduced to rebut testimony that McMullen lived with Ricky Boyd, at whose
residence items stolen in the burglary were found. However, sound trial strategy was shown for that
decision. The introduction of evidence that McMullen was a registered sex offender and therefore
had to register his place of residence--along with the fact that McMullen's residence was monitored
by police--proved successful in that McMullen was acquitted of the charge of burglary of a
habitation.

 Further, counsel states that the consolidation of charges of the burglary of a habitation and
evading arrest or detention in a vehicle was not objected to at trial and, therefore, argument was
waived for appeal. He further notes that even though waived, the consolidation was beneficial to
McMullen because it guaranteed that any sentences would run concurrently and, had a separate trial
been held on the evading arrest charge, it is probable that evidence of the burglaries would have been
introduced as extraneous offenses. The tactic was not only reasonable, it was successful.

 Counsel further states that during the punishment phase of trial, McMullen sought to
introduce into evidence his sworn application for community supervision containing the sworn
statement that McMullen had "never before been convicted of a felony in the State of Texas or any
other State." The State objected on the ground of hearsay, and the trial court sustained the objection. 
A sworn application for community supervision is hearsay and not admissible as evidence. Walker
v. State, 440 S.W.2d 653 (Tex. Crim. App. 1969); Green v. State, 658 S.W.2d 303 (Tex.
App.--Houston [1st Dist.] 1983, pet. ref'd).

 Counsel's statements are supported by the record.

 We have reviewed the record and find the evidence sufficient to support the conviction. 
Based on our review of the record of this proceeding, we also agree with counsel that there are no
arguable points of error in this case. (2)

 We affirm the judgment of the trial court.



 Bailey C. Moseley

 Justice


Date Submitted: October 5, 2007

Date Decided: October 8, 2007


Do Not Publish
1. We also recognize that there is evidence McMullen is entirely illiterate--as shown by
testimony that he could neither read nor write, and functioned at below a first-grade level; thus, the
likelihood that he could engage in any of the acts that would typically result in the filing of an Anders
response is minimal.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of McMullen in this case. No
substitute counsel will be appointed. Should McMullen wish to seek further review of this case by
the Texas Court of Criminal Appeals, McMullen must either retain an attorney to file a petition for
discretionary review or McMullen must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that is overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.