

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00098-CR

_____

DEMETRIUS RAMON AKKARD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 06F0483-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Demetrius Ramon Akkard was convicted January 11, 2007, of two counts of possession of a controlled substance and placed on community supervision. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003). On June 14, 2007, the trial court revoked his community supervision. Akkard appeals that revocation.

Akkard pled "true" to four of the allegations contained in the State's motion to revoke his community supervision. The trial court then revoked his community supervision and sentenced him to two years' imprisonment in a state-jail facility on each count, with the sentences to run concurrently. Akkard was represented by the same appointed counsel at his revocation hearing and on this appeal therefrom.

Appellate counsel filed a brief December 5, 2007, under the mandate of *Anders v. California*, 386 U.S. 738 (1967), and *Ex parte Senna*, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly also filed a motion to withdraw. Counsel sent Akkard a copy of the brief and advised him by letter that he believes there are no arguable contentions of error. He also informed Akkard of his right to review the record and file a pro se response. Akkard has not filed a response, nor has he requested an extension of time in which to file such a response.

Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel has, thus, provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced, as required by *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim.

App. [Panel Op.] 1978). *See also Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel concluded from his review of the record there is no arguable point of error to support the appeal.

Counsel further states in the brief that Akkard freely and voluntarily entered his pleas of "true" to the allegations contained in the motion to revoke and that there is legally and factually sufficient evidence to support the trial court's revocation. Counsel's statements are supported by the record.

We have reviewed the record and find the evidence sufficient to support the judgment of revocation. Based on our review of the record of this proceeding, we also agree with counsel there are no arguable points of error in this case.[1]

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Akkard in this case. No substitute counsel will be appointed. Should Akkard wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or Akkard must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

We do note, however, that the trial court's judgment in this case indicates Akkard pled "true" to all ten of the allegations contained in the State's motion to revoke. Our review of the record shows that Akkard pled "true" to four of those allegations, and either did not answer the rest or pled "not true."[2]

This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Therefore, we hereby reform the judgment to indicate only the four allegations to which Akkard did plead true: (1) the offense of failure to identify on or about April 22, 2007, in Bowie County, Texas; (2) the offense of evading arrest on or about April 25, 2007, in Bowie County, Texas; (3) failure to report to the community supervision officer on a monthly basis or as otherwise directed by the supervising officer in charge of the case, to-wit: failed to report as directed on March 15,

---

[2]A plea of "true" to even one allegation is sufficient to support a judgment revoking community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, pet. denied); *see Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

2007; and (4) failed to abstain from the use of narcotic or habit-forming drugs without a doctor's prescription, to-wit: tested positive for cannabinoids on February 15, 2007, and gave admission to use.

As reformed, we affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 12, 2008
Date Decided:       February 15, 2008

Do Not Publish