

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-07-00125-CR

_____

TED BRYAN COATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 19,679-2006

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Ted Bryan Coates appeals his conviction on his plea of "no contest" to the second-degree felony offense of unauthorized use of a vehicle. *See* TEX. PENAL CODE ANN. § 31.07 (Vernon 2003). Coates pled "true" to the enhancement paragraphs of the indictment. He was sentenced by the trial court to fifteen years' imprisonment and a $1,000.00 fine, and ordered to pay restitution of $4,000.00. *See* TEX. PENAL CODE ANN. § 12.42 (Vernon Supp. 2007).

Coates was represented by appointed counsel at trial and by different appointed counsel on appeal.

Appellate counsel filed a brief February 6, 2008, under the mandate of *Anders v. California*, 386 U.S. 738 (1967), and *Ex parte Senna*, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has accordingly also filed a motion to withdraw. Counsel sent Coates a copy of the brief and advised Coates by letter he believes there are no arguable contentions of error. He also informed Coates of his right to review the record and file a pro se response. Coates has not filed a response, nor has he requested an extension of time in which to file such a response.

Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced, as required by *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). *See also Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.

2

1991).  Counsel concluded from his review of the record there is no arguable point of error to support the appeal.

Counsel further states in the brief that Coates knowingly and voluntarily entered his pleas of "no contest" to the offense and of "true" to the enhancements, that Coates was found competent to enter those pleas, that no pretrial motions were filed, and that the sentence was within the appropriate range.  Counsel's statements are supported by the record.

We have reviewed the record and find the evidence sufficient to support the conviction.  Based on our review of the record of this proceeding, we agree with counsel there are no arguable points of error in this case.[1]

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of Coates in this case.  No substitute counsel will be appointed.  Should Coates wish to seek further review of this case by the Texas Court of Criminal Appeals, Coates must either retain an attorney to file a petition for discretionary review or Coates must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

We do note, however, that the trial court's judgment in this case indicates Coates pled "guilty" to the offense of unauthorized use of a vehicle. Our review of the record shows that Coates pled "no contest" to the offense.[2]

This Court has the authority to reform the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). In *Asberry v. State*, 813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref'd), the court noted that the authority of the appellate court to reform incorrect judgments is not dependent on request of any party; the appellate court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this Court to modify the judgment of the trial court. TEX. R. APP. P. 43.2.

Therefore, we hereby reform the judgment to indicate a plea of "no contest" to the offense of unauthorized use of a vehicle.

---

[2]The effect of a no contest or nolo contendere plea is the same as that of a guilty plea, except that such plea may not be used against the defendant in a civil suit based on the criminal offense. TEX. CODE CRIM. PROC. ANN. art. 27.02 (Vernon 2006).

As reformed, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     April 7, 2008
Date Decided:       April 9, 2008

Do Not Publish